IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CLIFFORD JAMES GAYTON | § | |
| v. | § | CIVIL ACTION NO. 5:24cv33-RWS-JBB |
| STATE OF TEXAS | § | |

### ORDER

Before the Court is Plaintiff Clifford Gayton's civil rights lawsuit under 42 U.S.C. § 1983. Docket No. 1. The case was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

On October 2, 2024, the Magistrate Judge issued a Report and Recommendation ("Report"), which contains his proposed findings of fact and recommendations for the disposition of Plaintiff's case. Docket No. 21. In the Report, the Magistrate Judge first noted that Plaintiff's claims, although filed on a civil rights form, appear to challenge the validity of his capital murder conviction and request that his conviction be overturned and that he receive compensation of "annual fees of my lawsuits." *Id.* at 1–2. After setting out the applicable law, the Magistrate Judge held as follows:

> Plaintiff's claims directly implicate the validity of his convictions, but he makes no showing that these convictions have been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question through the issuance of a federal habeas writ. The present lawsuit should be dismissed until Plaintiff can make such a showing.
>
> Construing the present lawsuit as a petition for the writ of habeas corpus is impracticable for multiple reasons. The on-line records of Bowie County and the Texas Court of Criminal Appeals show that Plaintiff has not presented any of his claims, or indeed any claims at all, to the Court of Criminal Appeals, and so he has not exhausted his state remedies. *See Harper v. Lumpkin*, 64 F.4th 684, 691 (5th Cir. 2024) (citations omitted) (noting that the exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the

1

> highest state court, the Court of Criminal Appeals, including presenting all the facts necessary to support the federal claim as well as a fair presentation to the state courts of the substance of the federal claim).
>
> In addition, the one-year statute of limitations has long since expired. This limitations period applies to federal habeas corpus petitions and runs from the date upon which Plaintiff's conviction became final, which occurred on September 4, 2017, upon the expiration of Plaintiff's time to seek discretionary review from the Texas Court of Criminal Appeals. Tex. R. App. P. 68.2(a). Thus, absent some form of tolling, the limitations period for Plaintiff to seek federal habeas corpus relief expired on September 4, 2018. *O'Veal v. Davis*, 664 F.App'x 355, 356 (5th Cir. 2016). Should Plaintiff wish to challenge the validity of his conviction, he may do so through the filing of a habeas corpus petition; however, he is reminded that he must exhaust his state remedies prior to filing a federal habeas petition, and that in filing a federal habeas petition, he must show cause why it is not barred by the statute of limitations.

*Id.* at 2–3. The Magistrate Judge recommended the above civil action be dismissed with prejudice to the claims being asserted again until such time as Plaintiff can show that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. *Id.* at 3. The Magistrate Judge further recommended the dismissal should not prevent Plaintiff from challenging the legality of his conviction through any lawful means, including but not limited to state or federal habeas corpus proceedings. *Id.*

Plaintiff received a copy of the Report on October 10, 2024 (Docket No. 24), but no specific objections to the Report have been filed to date. On October 21, 2024, the Court received a letter from Plaintiff regarding "Interstate Corrections Compact Administration," wherein Plaintiff states that he agrees to be transferred by TDCJ to Bowie County Jail in accordance with the Texas Prison interstate corrections compact. Docket No. 25 at 2. On November 1, 2024, the Court received another letter from Plaintiff asking for access to phone, internet, and a flash drive so that he can prove that he is wrongfully convicted. *See* Docket No. 26 at 1. In the same letter, Plaintiff also alleges that he filed a PDR petition to the Court of Appeals, but they denied his petition. *Id.*

Although Plaintiff does not reference the October 2, 2024 Report in the letters, the Court construes Plaintiff's letters as objections and finds them without merit.

The letters do not contain any valid basis to set aside the Report of the Magistrate Judge. While Plaintiff states that the Court of Appeals denied his PDR petition, the on-line records do not show that Plaintiff has presented any claims to the Court of Criminal Appeals. Plaintiff also does not address the expiration of the statute of limitations, which was another basis for the Report's recommendations. Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge (Docket No. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** to the claims being asserted again until such time as Plaintiff can show that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. The dismissal of this civil rights lawsuit should not prevent Plaintiff from challenging the legality of his conviction through any lawful means, including but not limited to state or federal habeas corpus proceedings.

**So ORDERED and SIGNED this 6th day of November, 2024.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE